<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA MCBEE,<br><br>      Plaintiff,<br><br>v.<br><br>SECURITY CREDIT SYSTEMS,<br><br>      Defendant. | Hon. William J. Martini<br>Civil Action No. 09-2764 (WJM)<br><br><u>REPORT AND RECOMMENDATION</u> |

  Before the Court is a motion to dismiss Plaintiff Rhonda McBee's complaint with prejudice by Defendant Security Credit Systems. (CM/ECF Docket Entry No. 9). The motion is unopposed. For the reasons set forth below, it is respectfully recommended that the motion to dismiss Plaintiff McBee's complaint be **granted**.

### <u>BACKGROUND</u>

  Plaintiff Rhonda McBee, proceeding *pro se*, commenced this action in New Jersey Superior Court on or about May 13, 2009, alleging that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Defendant Security Credit Systems removed the action to federal court on June 5, 2009. <u>See</u> CM/ECF No.1.

  On July 31, 2009 Defendant served Plaintiff with Interrogatories and Requests for the Production of Documents. <u>See</u> Def.'s Mot. at ¶ 3, CM/ECF No. 9. Plaintiff failed to respond to any of the discovery requests. Defendant sent a letter to Plaintiff on October 8, 2009 advising her that if she did not respond to the discovery requests then Defendant would file an appropriate motion with the Court to dismiss the action. <u>See</u> <u>id.</u> ¶ 4. Defendant never received a response to its letter and, thus, filed a motion to dismiss Plaintiff's complaint with prejudice on November 4, 2009. <u>See</u> CM/ECF No. 6.

  This Court issued an Order on November 6, 2009 denying without prejudice Defendant's motion to dismiss. <u>See</u> CM/ECF No. 7. The Court ordered that Defendant serve a copy of the Order on Plaintiff by regular mail and certified mail return receipt requested. <u>See</u> <u>id.</u> The Court warned

Plaintiff that failure to respond to the discovery requests within ten (10) days from the date she is served with the Order could result in dismissal of the action with prejudice. See id. Defendant filed a Certificate of Service of the Order by regular mail and certified mail on December 1, 2009. To date, Plaintiff has failed to respond to the discovery requests of July 31, 2009 or the Court Order of November 6, 2009.

Defendant filed the instant motion to dismiss the complaint with prejudice on December 16, 2009.

## ANALYSIS

Federal Rule of Civil Procedure 37 provides a court with the authority to sanction a non-compliant party. If a party fails to obey a court order, the court may sanction that party by entering an order "[s]triking pleadings in whole or in part" or "dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A). The equivalent sanctions are available if a party fails to respond to discovery requests. See Fed. R. Civ. P. 37(d). It is also axiomatic that district courts have the inherent authority to control the conduct of those that appear before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). The decision to dismiss a party's pleading is within the court's discretion. See Bowers v. National Collegiate Athletic Association, 475 F.3d 524, 538 (3d Cir. 2007) (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976)).

The Third Circuit has approved the use of a six-part test, first enunciated in Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir. 1984), to determine when the sanction of dismissal is appropriate. See Hoxworth v. Binder, Robinson & Co. Inc., 980 F.2d 912, 919 (3d Cir. 1992). The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. Accordingly, the Court will address each of the Poulis factors as they pertain to this matter. No single factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigaitti, 964 F.2d 1369, 1373 (3d Cir. 1992).

1. Plaintiff Rhonda McBee's Personal Responsibility. Plaintiff McBee is personally

responsible for the failure to comply with the Court's Order regarding the discovery. Proceeding *pro se*, Plaintiff is solely responsible for responding to discovery demands and Court orders.

      2.    <u>Prejudice to Opposing Parties.</u>  Plaintiff McBee's conduct has caused manifest injustice to the opposing party. Defendant has a right to defend itself against Plaintiff's allegations by obtaining discovery relevant to Plaintiff's claim. <u>See</u> Fed. R. Civ. P. 26(b). The discovery requests by Defendant are crucial to the efficient resolution of this case.

      3.    <u>History of Noncompliance.</u>  As stated above, this Court issued an Order on November 6, 2009, providing Plaintiff with ten (10) days with which to respond to interrogatories and document requests of July 31, 2009. To date, Plaintiff has not responded to the Court Order.

      4.    <u>Willfulness or Bad Faith.</u>  Plaintiff has failed to enunciate a basis for her failure to comply with this Court's Order. In the absence of any explanation for her noncompliance, her conduct must be construed as willful.

      5.    <u>Effectiveness of Alternative Sanctions.</u>  The record of noncompliance in this case reveals that alternative sanctions would likely be futile. Defendant has given Plaintiff ample opportunity to conduct discovery. In November, Defendant filed a motion to dismiss the complaint with prejudice. Plaintiff did not respond to the motion. The Court did not grant Defendant's motion at that time but rather gave Plaintiff a last chance to meet her obligations under the rules. Having failed to respond in any way, there is now no other solution for Plaintiff McBee's noncompliance.

      6.    <u>Meritoriousness of the Claims and Defenses.</u>  The Court is unable to determine the meritoriousness of Plaintiff's claims or defenses.

In sum, Plaintiff has personally disregarded her discovery obligations, ignored a Court Order, failed to defend this case or prosecute her claims, and failed to oppose this motion. Analysis of the <u>Poulis</u> factors clearly warrants dismissal of the action.

## **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss Rhonda McBee's complaint with prejudice be **granted**.

Dated: January 26, 2010

                                      /s/Mark Falk
                                      **MARK FALK**
                                      **United States Magistrate Judge**